IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | SEALED |
| v. | § § | No. 4:20cr212 |
| | § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| GUILLERMO GARCIA MENDEZ (3) | § | |
| FEDERICO ANDRES MACHADO (4) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |
| ALBAN GERARDO AZOFEIFA-CHACON (6) | § | |
| AARON BELLO-MILLAN (7) | § | |

FILED

AUG 1 2 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846 (Conspiracy to Manufacture and Distribute Cocaine)

That sometime in or about 2012, and continuously thereafter up to and including the date of this Indictment, in the Eastern District of Texas, and elsewhere, **Debra Lynn Mercer-Erwin, Kayleigh Moffett, Guillermo Garcia Mendez, Federico Machado, Carlos Rocha Villaurrutia, Alban Gerardo Azofeifa-Chacon, and Aaron Bello-Millan**, defendants, did knowingly and intentionally combine, conspire, and agree with other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute five kilograms or more of a mixture and

Indictment – Page 1

substance containing a detectable amount of cocaine, a schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S. § 846.

## COUNT TWO

> Violation: 21 U.S.C. § 963 (Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States)

That sometime in or about 2012, and continuously thereafter up to and including the date of this Indictment, in Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, and elsewhere, **Debra Lynn Mercer-Erwin, Kayleigh Moffett, Guillermo Garcia Mendez, Federico Machado, Carlos Rocha Villaurrutia, Alban Gerardo Azofeifa-Chacon**, and **Aaron Bello-Millan**, defendants, did knowingly and intentionally combine, conspire, and agree with other persons known and unknown to the United States Grand Jury, to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960.

In violation of 21 U.S.C. § 963.

## COUNT THREE

> Violation: 21 U.S.C. § 959, 18 U.S.C. § 2 (Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States)

That sometime in or about 2012, and continuously thereafter up to and including the date of this Indictment, in Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, and elsewhere, **Debra Lynn Mercer-Erwin, Kayleigh Moffett, Guillermo Garcia Mendez, Federico Machado, Carlos Rocha Villaurrutia, Alban Gerardo Azofeifa-Chacon,** and **Aaron Bello-Millan**, defendants, aided and abetted by each other, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

In violation of 21 U.S.C. § 959.

## COUNT FOUR

> Violation: 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering)

From in or about 2016, and continuing thereafter up to and including the date of this Indictment, in the Eastern District of Texas, and elsewhere, **Debra Lynn Mercer-Erwin, Kayleigh Moffett, Guillermo Garcia Mendez, Federico Machado,** and **Carlos Rocha Villaurrutia**, defendants, did knowingly combine, conspire, and agree together

and with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, that is:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud; distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance; and distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance to a place in the United States from or through a place outside the United States, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud; distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance; and distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance to a place in the United States from or through a place outside the United States, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful

activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

  (c) to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, that is, wire fraud; distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance; and distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance to a place in the United States from or through a place outside the United States, in violation of 18 U.S.C. § 1957.

  In violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
18 U.S.C. §§ 981(a)(1), 982(a)(1);
21 U.S.C. §§ 853, 881(a), and 970; 28 U.S.C. § 2461

As a result of committing the offenses as alleged in this Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1) and 982(a)(1); 21 U.S.C. §§ 853, 881(a), and 970; and 28 U.S.C. § 2461 any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violations, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violations, including but not limited to the following:

**Money Judgment**

> A sum of money equal to $350,000,000 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by defendants as a result of the offenses alleged in this Indictment.

**Aircraft**

> a. A Cessna T210K, Serial No. 21059286, United States Registered Number N8286M / N456PF
>
> b. A Leer31A, Serial No. 080260RC, United States Registered Number N260RC
>
> c. A Gulfstream G-1159, Serial No. 236311BD, United States Registered Number N311BD
>
> d. A British Aerospace BAE125-800A, Serial No. 258013, United States Registered Number N305AG
>
> e. A Cessna 560, Serial No. 560-0068, United States Registered Number N569LM
>
> f. A Gulfstream G-1159A, Serial No. 332, United States Registered Number N939RR

g.  A Gulfstream G-IV, Serial No. 1087, United States Registered Number N368AG

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

STEPHEN J. COX
UNITED STATES ATTORNEY

_____
ERNEST GONZALEZ
Assistant United States Attorney

Date   8/12/20

_____
COLLEEN BLOSS
Assistant United States Attorney

Date   8/12/20

Indictment – Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | No. |
|  | § | Judge |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| GUILLERMO GARCIA MENDEZ (3) | § | |
| FEDERICO ANDRES MACHADO (4) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |
| ALBAN GERARDO AZOFEIFA-CHACON (6) | § | |
| AARON BELLO-MILLAN (7) | § | |

## NOTICE OF PENALTY

### Count One

VIOLATION: 21 U.S.C. § 846

PENALTY: If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both. A term of supervised release of at least five years.

SPECIAL ASSESSMENT: $100.00

### Count Two

VIOLATION: 21 U.S.C. § 963

PENALTY: Imprisonment for not less than ten years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five years.

SPECIAL ASSESSMENT: $100.00

## Count Three

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 959 |
| PENALTY: | Imprisonment for not less than ten years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five years. |
| SPECIAL ASSESSMENT: | $100.00 |

## Count Four

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 1956(h) |
| PENALTY: | Imprisonment of not more than 20 years; the greater of a fine not to exceed $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or both such imprisonment and fine; and a term of supervised release of not more than 3 years. |
| SPECIAL ASSESSMENT: | $100.00 |